UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

*$350 pd.*
*UTC001717*
*-Summons &*
*60 25)*
*issued*

GINA M. PEARCE, as Guardian of distributees of
Kristin Mary Palumbo Longo (deceased) and
Administratrix of the Estate of Kristin Mary Palumbo
Longo (deceased), STEVEN L. PEARCE, as Guardian
of distributees of Kristin Mary Palumbo Longo
(deceased), and JOSEPH LONGO, as a distributee
of Kristin Mary Palumbo Longo (deceased),
Plaintiffs,

**U.S. DISTRICT COURT**
**N.D. OF N.Y.**
**FILED**

**DEC 28 2010**

**LAWRENCE K. BAERMAN, Clerk**
**UTICA**

**COMPLAINT**

*Case No. 6: 10-cv-1569*
*DnH/GHL*

-vs-

Estate of Officer JOSEPH A. LONGO, JR. Ind. and
as a former member of the City of Utica Police Department;
DANIEL LABELLA. Ind. and as a member of the City of
Utica Police Department, and as commissioner of Public
Safety; DAVID R. ROEFARO. Ind. and as Mayor of the City of
Utica; CITY OF UTICA; CITY OF UTICA POLICE DEPARTMENT
and "Jane/John Doe",
Defendants.

## INTRODUCTION

1.     This is a civil action for injuries sustained by the decedent, Kristin Mary

Palumbo Longo, by reason of the unconstitutional misconduct of said municipal agents, officers,

servants, and/or employees as hereinafter set forth.   This action is seeking damages against

Defendants for committing acts under color of law and depriving the decedent of her of her rights

secured under the constitution and laws of the Untied States. Decedent, Joseph A. Longo, Jr., acting

in concert with Defendant(s) "Jane/John Doe" did violently assault and brutally murder the decedent,

Kristin Mary Palumbo Longo, without cause or justification. The Plaintiff demands a trial by jury

in the instant action.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. Section 1983 and 1988 and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and §1343(3) and (4), and the aforementioned Constitutional and statutory provisions.  Plaintiff hereby invokes the pendent jurisdiction of this court to decide claims arising out of state law, including but not limited to claims for negligence, a survivor action, wrongful death, and conscious pain and suffering.

3.      The unconstitutional acts of misconduct alleged below were and are being committed within the Northern District of the State of New York.

## PARTIES

4.      At all times relevant herein, the decedent was a citizen of the United States and a resident of the Town of Marcy, County of Oneida, and State of New York.

5.      At all times hereinafter mentioned, the decedent, Officer Joseph A. Longo, Jr., and Defendants, "Jane and John Doe" were duly appointed law enforcement personnel with the City of Utica Police Department employed by the City of Utica.

6.      At all times hereinafter mentioned, the City of Utica Police Department was and still is a department operating under the auspices of the City of Utica.  At all times hereinafter mentioned, the Defendant, Daniel LaBella, was either acting Police Chief, the wrongfully appointed Chief of Police for the City of Utica or the Commissioner of Public Safety for the City of Utica, and as such is and was responsible for the training and supervision of City of Utica Police Officers.

7.     At all times hereinafter mentioned, the Defendant, City of Utica was and still is a municipal corporation duly organized and existing under the laws of the State of New York with its principal place of business located in the City of Utica, County of Oneida, and the State of New York.

8.     At all times hereinafter mentioned, the Defendant, David Roefaro, was the duly elected Mayor of the City of Utica.

9.     This claim is against the Estate of Officer Longo, Jr., Defendants, "Jane/John Doe", Defendant LaBella, and Defendant, Roefaro for injuries sustained by the decedent, Kristin Mary Palumbo Longo, by reason of the unconstitutional misconduct of said municipal agents, officers, servants, and employees as hereinafter set forth.

## STATEMENT OF FACTS

10.     Upon information and belief, on March 7, 2009, two qualified individuals sat for the City of Utica promotional Civil Service examination for the position of Police Chief. Upon information and belief, both individuals earned passing scores which made them eligible to become Chief of Police for the City of Utica.

11.     Upon information and belief, Defendant LaBella wrongfully and surreptitiously sat for a Civil Service examination to become a " Police Chief" on March 10, 2009. It should be noted that Defendant LaBella took this examination three days after it was originally administered to several other applicants. Furthermore, the test administered to Defendant LaBella was designed for applicants seeking to become Chief of Police for a town municipality. It was an improper test for applicants seeking to become Chief of Police for the City of Utica.

12.     On June 16, 2009, Defendant Roefaro overlooked the two aforementioned individuals who had taken and passed the aforesaid promotional Civil Service examination and appointed Defendant LaBella.  Defendant Roefaro also chose Defendant LaBella over four other candidates who had earned scores equal to or higher than Defendant LaBella on the same Civil Service examination to which Defendant LaBella had submitted.

13.     Upon information and belief, Defendant Roefaro wrongfully appointed Defendant LaBella knowing that he lacked the requisite education, qualifications, and experience to serve competently as Chief of Police for a paramilitary organization the size of the Utica Police Department. (attached hereto as Exhibit "A" is a copy of the Curriculum Vitae of Defendant LaBella as of January 5, 2001).

14.     Defendant LaBella and decedent Officer Longo, Jr., had been close friends for several years, and had been partners for many years at the Defendant Utica Police Department, Juvenile Aid Division.

15.     Decedent Officer Longo, Jr., had long been abusive to his wife and children, but as the Longo marriage disintegrated, his conduct became extremely disturbing and menacing. Some of the incidents of abuse, known to have occurred, include the following:

> a) Decedent Officer Longo, Jr., made, with increasing frequency, rude sexual comments to his wife in the presence of others;
>
> b) In July of 2009, decedent Officer Longo, Jr., in a fit of rage, pushed the couple's youngest child to the ground;
>
> c) In August of 2009, decedent Officer Longo, Jr., threw the decedent, Kristin Mary Palumbo Longo to the ground, causing injuries to her arms and legs;

d) Decedent Officer Longo, Jr., called the couples youngest son "a queer" and told him to "drop dead," "go get hit by a car" and "I hate you as much as I hate your mother.";

e) Decedent Officer Longo, Jr., became more verbally abusive to the decedent, Kristin Mary Palumbo Longo, and their children calling them such names as "loser", "retard", "slut", and "cunt";

f) At one point shortly before the decedent, Kristin Mary Palumbo Longo filed an action seeking a Judgment of Divorce, decedent Officer Longo, Jr., informed her that he was on his way to her father's house to beat her father up and sodomize his wife while Kristin Mary Palumbo Longo's father helplessly watched; and

g) Decedent Officer Longo, Jr., had developed a pattern of making increasingly frequent home visits, while on duty, all the time displaying his firearm to the decedent, Kristin Mary Palumbo Longo in an attempt to frighten and intimidate her.

16.     On August 13, 2009, while brandishing his service revolver, decedent, Officer Longo, Jr., threatened to kill himself and his family, saying "Today is the day I go postal on all of you." This event occurred in the family residence and in the presence of the decedent, Kristin Mary Palumbo Longo and one of the couple's children.

17.     The decedent, Kristin Mary Palumbo Longo reported the incident referred to in paragraph "16" above to her sister, the Plaintiff, Gina M. Pearce. The Plaintiff, Gina M. Pearce, urged her sister to report this incident. The decedent, Kristin Mary Palumbo Longo, advised the Plaintiff that she was reluctant to do so, because during a prior conversation with one of the supervisors of decedent, Officer Longo, Jr., said supervisor had discouraged her from attempting to obtain an Order of Protection, and said that if she reported the decedent, Officer Longo, Jr., for "anything serious", the

defendant, Utica Police Department might have to suspend the decedent, Officer Longo, Jr.  The supervisor further advised that the decedent, Kristin Mary Palumbo Longo, that any suspension would have a negative impact upon the Longo family's finances.  The decedent, Kristin Mary Palumbo Longo, told her sister, the Plaintiff, Gina M. Pearce, that she felt that she had been expressly discouraged from reporting any incidents involving her husband.

18.     Nevertheless, on or about August 14, 2009, the decedent, Kristin Mary Palumbo Longo, called the decedent, Officer Longo, Jr.'s supervisor, and reported the aforesaid incident.  She communicated how terrified she was for her life and the lives of her children, and explained that the decedent, Officer Longo, Jr., was also sobbing uncontrollably while aimlessly walking outside the family home.  She was advised by decedent, Officer Longo, Jr.'s supervisor that she would be protected and that the Defendant, Utica Police Department would take care of the situation immediately.

19.     Shortly thereafter, the decedent, Kristin Mary Palumbo Longo was telephoned by one of the supervisor's of the decedent Officer Longo, Jr.  The supervisor advised that the decedent was out of town and that he had been ordered to attend a meeting with his superiors on the following Monday.  During the aforementioned call, Kristin Longo was again totally reassured and promised that the Defendant, Utica Police Department would take care of the situation.  During this conversation, the supervisor of the decedent, Officer Longo, Jr., advised the decedent, Kristin Mary Palumbo Longo, that he had contacted Officer Longo, Jr., and that Officer Longo, Jr., had communicated that he was fine.  The decedent, Kristin Mary Palumbo Longo advised the supervisor that he was not fine.  She advised the supervisor that decedent, Officer Longo, Jr., was "unstable," and that he was "falling apart," to which the supervisor responded "I know he is not ok.  We know that he is lying."  She requested that the defendant, Utica Police Department, provide mental health intervention.  She was advised by the said supervisor that the defendant, Utica Police Department, could not force the decedent, Officer Longo, Jr., into counseling.  This was a misrepresentation to the decedent upon which she relied to her

great determent. She was further advised, among other things, "Kristin – don't worry. We're all over this. We were on it as soon as you called." The supervisor gave Kristin Mary Palumbo Longo further assurances, and again promised to protect her and her family. Again she communicated to close family members and friends that she would be protected by the Defendant, Utica Police Department.

20.     The decedent, Kristin Mary Palumbo Longo, believed that his gun would be confiscated at the aforementioned meeting between the Officer Longo, Jr., and his aforesaid supervisors. On that Monday, after the meeting, decedent, Officer Longo, Jr., came home, while on duty, and then in what only can be described as a show of power in an attempt to intimidate Kristin Mary Palumbo Longo, brandished his gun. Kristin Mary Palumbo Longo immediately fled the residence and made a frantic call again to decedent, Officer Longo, Jr.'s supervisor, advising him of this event. She was again reassured by decedent, Officer Longo, Jr.'s supervisor. Upon information and belief, she urged the supervisor to confiscate the decedent, Officer Longo Jr.'s guns, and was advised that his guns would infact be confiscated.

21.     At some point during this tumultuous period, as the Longo marriage continued to disintegrate, decedent, Officer Longo, Jr., upon information and belief, became the Respondent in disciplinary proceedings regarding an alleged improper usage of his weapon while working as a security guard at Thomas R. Proctor High School. Upon information and belief, decedent, Officer Longo, Jr., had been accused of pointing his loaded revolver at the abdomen of an woman while on duty at the school.

22.     Over the summer of 2009 and leading up to her death, decedent, Officer Longo, Jr., made numerous comments to the decedent, Kristin Mary Palumbo Longo both in person and via text message, sometimes making direct threats to kill her, and sometimes saying cryptic things such as: "...better not fuck me over, or you'll get nothing but a funeral," and things like "closed casket?"

23.     On September14, 2009, decedent, Officer Longo, Jr., entered the parties'
residence and proceeded to threaten to kill himself placing the muzzle of his service revolver into his
mouth.  This disturbing act was committed in the presence of the parties' youngest child, who was
8 years old at the time.

24.     The decedent, Kristin Mary Palumbo Longo immediately called decedent, Officer
Longo, Jr.'s supervisor yet again.  She again expressed how profoundly terrified she was that her
husband's state of mind was such that he was a clear and present danger to himself and their entire
family.  She was assured that everyone at the Defendant Utica Police Department was aware of the
seriousness of the situation, and that appropriate and swift action would be undertaken to protect her
and her children.  Again she expressed her sense of relief and feeling of being protected.  She had
confidence that the Defendant Utica Police Department would take swift action to protect her now, for
surely her husband was suffering a serious emotional breakdown, and was clearly a danger to himself,
his family and the community.

25.     Upon information and belief, some of decedent, Officer Longo, Jr.'s fellow
officers and superiors were becoming extremely concerned about his unstable condition, and were
concerned for the safety of decedent, Officer Longo, Jr., his family, his wife and the community at
large, as his behavior became more erratic and explosive over time.

26.     Upon information and belief, at least one of these individuals referred to in
paragraph designated "25" above urged then Police Chief Daniel LaBella to take action, including but
not limited to confiscating all of decedent, Officer Longo, Jr's weapons.  Defendant Labella denied
these requests, and directly ordered that decedent, Officer Longo, Jr. be allowed to keep his weapons,
and remain on duty without psychiatric and/or mental health intervention, notwithstanding the
representations to the decedent, Kristin Mary Palumbo Longo, that his weapons would be confiscated
and that all measures would be taken to protect the decedent, Kristin Mary Palumbo Longo and her

children.

27.     Upon information and belief, eventually one of Defendant Labella's subordinates, so concerned about decedent, Officer Longo, Jr.'s mental fragility, countermanded Defendant Labella's order and removed decedent, Officer Longo's weapons from his possession.

28.     On September 28, 2009, Kristin Mary Palumbo Longo appeared before acting Supreme Court Justice James R. Griffith, regarding the divorce proceedings which she had commenced against the decedent Officer Longo, Jr.  On that date, Kristin Mary Palumbo Longo was awarded, inter alia, exclusive possession of the couple's marital residence.

29.     After the conclusion of the aforementioned court appearance, Decedent, Kristin Mary Palumbo Longo returned to her home.  At some point between 3:15 p.m. and 3:30 p.m., while decedent, Kristin Mary Palumbo Longo was online searching for rock concert tickets for the parties' youngest child, decedent, Officer Longo, Jr., entered the home.

30.     Decedent, Officer Longo, Jr., without provocation, brutally attacked decedent, Kristin Mary Palumbo Longo with a knife, stabbing her several times until she died.  He then turned the knife on himself.  A very short time thereafter, the couple's 8-year-old son, having just gotten off the school bus, discovered the couple.  His mother was dead, and decedent, Officer Longo, Jr., laid dying but still conscious.  It is not known at this point what if anything decedent, Officer Longo, Jr., may have said to the couple's youngest child.

31.     Decedent, Officer Longo, Jr., and Defendants "Jane/John Doe" acted at all times within the scope of their authority to act as police officers for the City of Utica and did act under color of law.

32.     At all times hereinafter mentioned, Officer Longo and  Defendants "Jane/John Doe" knew or should have known that their actions clearly violated established law, designed to protect decedent, Kristin Mary Palumbo Longo and that their behavior was violative of the constitutional and statutory rights of the decedent, Kristin Mary Palumbo Longo.

33.     As a result of the aforesaid conduct of the Defendant City of Utica, the Defendant, City of Utica Police Department, their respective officers, agents, servants and/or employees the decedent suffered severe mental, physical and emotional trauma as well as great emotional distress and pain and suffering.  Her survivors have suffered great emotional distress and loss of earnings of both of their parents.

34.     The incident aforesaid and injuries and damages hereinafter set forth were caused by the misconduct of the Defendant City of Utica, the Defendant, City of Utica Police Department, their respective officers, agents, servants and/or employees through their reckless and unjustified conduct without, any negligence or misconduct on the part of the decedent, Kristin Mary Palumbo Longo contributing thereto in any way.

35.     As a result of the violation of the decedent's constitutional and civil rights by all of the aforesaid Defendants herein, the decedent suffered severe mental, physical and emotional trauma, as well as great shock, horror and pain.  Her survivors have been deprived of her companionship, love and lost future earnings of both of their parents.

36.     The decedents, Kristin Mary Palumbo Longo and  Officer Longo, Jr., had four children. On November 10, 2009, the Plaintiffs, Gina M. Pearce and Stephen L. Pearce, were appointed permanent guardians of the three youngest children by the Oneida County Surrogate, Louis P. Gigliotti, granting them authority to conduct any and all business and/or legal transactions on behalf of the three of the aforesaid younger children.

37.     Letters of Administration were issued to the Plaintiff, Gina M. Pearce, by Surrogate, Louis P. Gigliotti, on April 1, 2009, granting her authority to conduct any and all business and/or legal transactions on behalf of her deceased sister's estate.

38.     A Notice of Claim was duly served upon the Defendant, City of Utica on or about December 16, 2009.

39.     That the Defendant, City of Utica conducted a hearing pursuant to Section 50-h of the General Municipal Law of the State of New York on or about March 25, 2010.

40.     That more than thirty (30) days have elapsed since the service of the aforesaid Notice of Claim, and the Defendant has failed and/or refused to pay all or part of the Plaintiffs' claim.

## AS AND FOR A FIRST CAUSE OF ACTION BY THE Plaintiff, GINA M. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF KRISTIN MARY PALUMBO LONGO (DECEASED), AND ADMINISTRATRIX OF THE ESTATE OF KRISTIN MARY PALUMBO LONGO (DECEASED), STEVEN L. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF THE DECEDENT AND JOSEPH LONGO, AS A DISTIRUBUTEE OF THE AFORESAID DECEDENT ALLEGE AS FOLLOWS:

41.     Plaintiffs repeat, reiterate and reallege as far as this cause of action, each and every allegation contained in paragraphs marked and designated "1" through "40", inclusive, with the same force and effect as is set forth at length herein.

42.     The decedent, Kristin Mary Palumbo Longo, as a citizen of the United States in the State of New York had a right to be free from unreasonable searches and seizures, and to be safe

from physical abuse under color of law.  By assaulting, battering and murdering the decedent, without any provocation of any kind whatsoever, Defendants, decedent, Officer Longo, Jr.,  and "Jane/John Doe" violated decedent's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

43.     The Defendants' violation of the decedent's constitutional rights constitutes a violation of the decedent's civil rights pursuant to 42 U.S.C. § 1983.

44.     The incidents aforesaid and injuries and damages, hereinbefore and hereinafter set forth were caused by the misconduct of the Defendants, City of Utica, City of Utica Police Department, their respective officers, agents servants and/or employees, through their intentional, reckless, and unjustified conduct.

45.     By reason of the aforesaid grossly negligent objectively unreasonable conduct, the decedent sustained damages of emotional pain and suffering, humiliation, great shock, apprehension of death, and tremendous physical pain and suffering.

46.     The injuries and damages as aforesaid, were caused by gross negligence and/or misconduct on the part of the Defendants without any negligence, fault or want of care on the part of the decedent, Kristin Mary Palumbo Longo contributing thereto in any way.

47.     As a result of the violation of the decedent's constitutional rights by the Defendants, the estate of Kristin Mary Palumbo Longo and/or her distributees have been damaged in an amount to be proven at trial, but in no event less than One Hundred Million Dollars ($100,000,000.00) pursuant to 42 U.S.C. 1988, and are entitled to recover attorney's fees, and punitive damages.

**AS AND FOR A SECOND CAUSE OF ACTION BY THE Plaintiff, GINA M. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF KRISTIN MARY PALUMBO LONGO (DECEASED), AND ADMINISTRATRIX OF THE ESTATE OF KRISTIN MARY PALUMBO LONGO (DECEASED), STEVEN L. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF THE DECEDENT AND JOSEPH LONGO, AS A DISTRIBUTEE OF THE AFORESAID DECEDENT ALLEGE AS FOLLOWS:**

48.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked and designated "1" through "47" of this complaint inclusive, with the same force and effect as if fully set forth at length herein.

49.     By reason of the aforesaid grossly negligent, objectively unreasonable conduct, the survivors of the decedent will be deprived of her companionship, guidance, care and love, as well as future earnings of both parents.

50.     As a result of the violation of the decedent's constitutional rights by the Defendants, in violation of 42 U.S.C. §1983, the estate of Kristin Mary Palumbo Longo and/or her distributees have been damaged in an amount to be proven at trial, but in no event less than One Hundred Million Dollars ($100,000,000.00) pursuant to 42 U.S.C. 1988, and are entitled to recover attorney's fees, and punitive damages.

**AS AND FOR A THIRD CAUSE OF ACTION BY THE Plaintiff, GINA M. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF KRISTIN MARY PALUMBO LONGO (DECEASED), AND ADMINISTRATRIX OF THE ESTATE OF KRISTIN MARY PALUMBO LONGO (DECEASED), STEVEN L. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF THE DECEDENT AND JOSEPH LONGO, AS A DISTRIBUTEE OF THE AFORESAID DECEDENT ALLEGE AS FOLLOWS:**

51.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked and designated "1" through "50" of this complaint inclusive, with the same force and effect as if fully set forth at length herein.

52.     The Defendant, Daniel Labella, as Chief of Police, and the Defendant City of Utica Police Department are under a duty to ensure that its law enforcement officers are adequately trained and supervised. The municipal Defendants failed to properly supervise its officers, employees, agents and/or servants, or train said officers under their supervision, specifically, but not exclusively in the legal limits regarding use of force. This constituted a gross and deliberate indifference to the rights and safety of persons with whom those officers are likely to come into contact.

53.     The Defendant, Daniel Labella, as Chief of Police and the City of Utica Police Department, are responsible for establishing policies and procedures to be utilized by members of the City of Utica Police Department.

54.     All actions undertaken by the decedent, Officer Longo, Jr., were undertaken by him in furtherance of the official municipal policy of the City of Utica.

55.     Upon information and belief, the City of Utica has an official policy or a custom which provides for or tolerates the commission of unconstitutional acts by its police officers. The City of Utica's failure to act and its tacit approval of conduct which violates constitutional rights is proof of a custom or policy which is unconstitutional. Accordingly, the City of Utica may be held liable directly for the consequences of any such unconstitutional acts committed by its police officers. The City of Utica has acted with deliberate indifference since its conduct or policy disregards a known or obvious risk that is very likely to result in a violation of a person's constitutional rights.

56.     The Plaintiff, the estate of Kristin Mary Palumbo Longo is informed and believes that said municipal policies and practices include, but are not limited to, the following:

a) utilizing excessive force in situations such that occurred on the date referred to above;

b) willfully ignoring the violent propensities of its police officers;

c) failure to properly train its police officers regarding incidents of officers involved domestic violence;

d) promulgating a policy or custom which provides for and/or tolerates the commission of unconstitutional acts by its officers;

e) failure to appropriately discipline officers who have committed illegal, violent and/or criminal acts done under color of law and within the scope of their authority as police officers;

f) failing to provide proper disciplinary measures and/or counseling to officers who have displayed obvious signs of a propensity toward physical violence and/or serious mental and emotional disturbances; and

g) in protecting and insulating from civil and criminal liability those officers who have committed criminal acts or acts that have violated the constitutional rights of others.

57.     The policies, procedures, and practices of the Defendant, Daniel Labella, as then Chief of Police and the Defendants the City of Utica and City of Utica Police Department, as set forth in this complaint, violated the rights of the decedent, Kristin Mary Palumbo Longo under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and are therefore violative of 42 U.S.C. 1983.

58.     As a result of the aforesaid conduct of the City of Utica, the City of Utica Police Department and their officers, agents, servants and/or employees, the decedent suffered

severe mental and physical trauma, as well as great apprehension of death.

59.     As a result of the violation of the decedent's constitutional rights by the Defendants, the estate of Kristin Mary Palumbo Longo and/or her distributees have been damaged in an amount to be proven at trial, but in no event less than One Hundred Million Dollars ($100,000,000.00) pursuant to 42 U.S.C. 1988, and are entitled to recover attorney's fees, and punitive damages.

**AS AND FOR A FOURTH CAUSE OF ACTION BY THE Plaintiff, GINA M. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF KRISTIN MARY PALUMBO LONGO (DECEASED), AND ADMINISTRATRIX OF THE ESTATE OF KRISTIN MARY PALUMBO LONGO (DECEASED), STEVEN L. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF THE DECEDENT AND JOSEPH LONGO, AS A DISTRIBUTEE OF THE AFORESAID DECEDENT  ALLEGE AS FOLLOWS:**

60.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs marked and designated "1" through "59"  of this complaint inclusive, with the same force and effect as if fully set forth at length herein.

61.     As a result of the aforesaid conduct of the City of Utica, the City of Utica Police Department, and their officers, agents, servants and/or employees, the decedents survivors will be denied her companionship, care, love, and guidance in the future, as well as future earnings of both parents.

62.     As a result of the violation of the decedent's constitutional rights by the Defendants, in violation of 42 U.S.C. §1983, the estate of Kristin Mary Palumbo Longo and/or the decedent's distributees has been damaged in an amount to be proven at trial, but in no event less

than One Hundred Million Dollars ($100,000,000.00) pursuant to 42 U.S.C. 1988, and are entitled to recover attorney's fees, plus punitive damages.

**AS AND FOR A FIRST PENDENT CLAIM CAUSE OF ACTION BY THE Plaintiff, GINA M. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF KRISTIN MARY PALUMBO LONGO (DECEASED), AND ADMINISTRATRIX OF THE ESTATE OF KRISTIN MARY PALUMBO LONGO (DECEASED), STEVEN L. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF THE DECEDENT AND JOSEPH LONGO, AS A DISTRIBUTEE OF THE AFORESAID DECEDENT  ALLEGE AS FOLLOWS:**

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked and designated "1" through "62" of this complaint inclusive, with the same force and effect as if fully set forth at length herein.

64.     That agents and/or superior officers of the Defendants, City of Utica and City of Utica Police Department, made explicit promises to the decedent that they would resolve the aforesaid dangerous situation and protect her.

65.     The agents and superior officers of the Defendants, City of Utica and the City of Utica Police Department knew or should have known that their failure to act upon their promises and assurances as aforesaid would lead to the decedent being harmed, injured and/or killed.

66.     As aforesaid, there was direct communication between the agents and superior officers of the Defendants, City of Utica and the City of Utica Police Department and the decedent, Kristin Mary Palumbo Longo.

67.    The decedent,  Kristin Mary Palumbo Longo, relied upon these promises and assurances.  Her reliance was justifiable.  Therefore, the Defendants, City of Utica and the City of Utica Police Department voluntarily assumed a duty to protect her.

68.    The Defendants, City of Utica and the City of Utica Police Department breached their duty to protect the decedent, Kristin Mary Palumbo Longo, and were willful wanton, reckless and negligent in doing so.

69.    The acts of willfulness, wantonness, recklessness, and/or negligence on the part of the Defendants, City of Utica and the City of Utica Police Department include, but are not limited to the following:

a) failing to subdue Officer Longo, and have him involuntarily committed to a physiological ward of a hospital equipped to conduct emergency mental health evaluations pursuant to New York State Mental Hygiene Law §9.41.;

b)  failing to take appropriate action to protect one of its employees who was exhibiting obvious signs of a mental breakdown, and strongly indicating, both in words and behavior, that he was very likely to physically harm himself or others;

c) failing to properly train and supervise its employees;

d) promulgating a policy or custom which provides for and/or tolerates the commission of unconstitutional acts by its officers;

e)failing to appropriately discipline officers who have committed illegal, violent, and/or criminal acts done under color of law and within the scope of their authority as police officers;

f)failing to provide mandatory in-patient psychological services to officer Longo;

g) interjecting itself into the private affairs of decedent, Kristin Mary

Palumbo Longo and her family, as well as the couple's divorce proceedings;

h) failing to establish adequate policies, procedures and systems for reporting

and investigating incidents of domestic violence, so as to protect victims of

domestic violence perpetrated by members of the Utica Police Department;

I) failing to take any and all appropriate steps to protect decedent, Kristin

Mary Longo, after having promised her that they would do so, all the time

being aware that decedent, Officer Longo, Jr., was a troubled and dangerous

individual, and that he posed a clear and present danger to himself, his

family and the community; and

j) the Defendants, City of Utica and the City of Utica Police Department were

otherwise willful wanton, reckless and/or negligent.


70.     As aforesaid, the decedent suffered conscious pain and suffering before her

demise.


71.     As a result of the aforesaid conduct by the Defendants City of Utica and

City of Utica Police Department, their officers, agents and/or employees, the decedent,  Kristin Mary

Palumbo Longo suffered severe mental, physical and emotional trauma, conscious pain and suffering,

as well as apprehension of death, and her Estate and/or her distributees are entitled to be compensated

in an amount not less then One Hundred Million Dollars ($100,000,000.00), plus punitive damages.


**AS AND FOR A SECOND PENDENT CLAIM CAUSE OF ACTION BY THE Plaintiff,**
**GINA M. PEARCE, AS GUARDIAN OF DISTRIBUTEES OF KRISTIN MARY PALUMBO**
**LONGO (DECEASED), AND ADMINISTRATRIX OF THE ESTATE OF KRISTIN MARY**
**PALUMBO LONGO (DECEASED), STEVEN L. PEARCE, AS GUARDIAN OF**
**DISTRIBUTEES OF THE DECEDENT AND JOSEPH LONGO, AS A DISTRIBUTEE OF**

## THE AFORESAID DECEDENT  ALLEGE AS FOLLOWS:

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked and designated "1" through "71" of this complaint inclusive with the same force and effect as if fully set forth at length herein.

73.     As aforesaid as a result of negligence and/or reckless conduct of the Defendants, City of Utica and City of Utica Police Department, the survivors of the decedent, Kristin Mary Palumbo Longo had been deprived of her companionship, love, as well as lost past and  future earnings of both parents, and the parental guidance of each parent, including but not limited to the loss of intellectual, moral and physical training and education each decedent would have provided.

74.     As a result of the aforesaid negligence and/or reckless conduct of the Defendants, City of Utica and City of Utica Police Department, the Estate of Kristin Mary Palumbo Longo is entitled to be compensated in an amount not less then One Hundred Million Dollars ($100,000,000.00), plus punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants jointly and severally as follows:

1) on the first cause of action, Plaintiffs demand compensatory damages in the sum of One Hundred Million Dollars ($100,000,000.00), and punitive damages in the sum of One Hundred Million Dollars ($100,000,000.00) against the individual Defendants.

2) on the second cause of action, Plaintiffs demand compensatory damages in the amount of One Hundred Million Dollars ($100,000,000.00), and punitive damages in the amount of One Hundred Million Dollars ($100,000,000.00) against the individual Defendants.

3) on the third cause of action, Plaintiffs demand compensatory damages in the amount of One Hundred Million Dollars ($100,000,000.00), and punitive damages in the amount of One Hundred Million Dollars ($100,000,000.00) against the individual Defendants.

4) on the fourth cause of action, Plaintiffs demand compensatory damages in the amount of One Hundred Million Dollars ($100,000,000.00), and punitive damages in the amount of One Hundred Million Dollars ($100,000,000.00) against the individual Defendants.

5) on the first pendent claim, Plaintiffs demand compensatory damages in the amount of One Hundred Million Dollars ($100,000,000.00), and punitive damages in the amount of One Hundred Million Dollars ($100,000,000.00) against the individual Defendants.

6) on the second pendent claim, Plaintiffs demand compensatory damages in the amount of One Hundred Million Dollars ($100,000,000.00), and punitive damages in the amount of One Hundred Million Dollars ($100,000,000.00) against the individual Defendants.

Plaintiffs demand a jury trial on all issues.

Plaintiffs demand judgment against each of the Defendants herein for reasonable attorney's fees and costs and disbursements incurred in a prosecution of this action, together with such other and further relief as this court may deem just and proper.

DATED: December 27, 2010

S/
_____
**John W. Dillon, Esq.**
**Attorney for Plaintiffs**
**44 Oxford Road**
**New Hartford, New York 13413**
**(315) 735-3535**

UPD-61

# DEPARTMENT OF PUBLIC SAFETY
## BUREAU OF POLICE

**413 Oriskany Street West**                    **Utica, New York 13502**

January   5 ,01

SUBJECT:   EDUCATION AND TRAINING

**TO:   CHIEF OF POLICE**
**BENNY D. ROTUNDO**

AS PER  REQUEST THE FOLLOWING IS A EDUCATION AND TRAINING LIST,

1980  ATTENDED M.V.C.C. AND OBTAINED A ASSOC APPLIED SCIENCE DEGREE (A.A.S)

1981 COMPLETED  CERTIFICATION FOR THE BASIC COURSE FOR POLICE OFFICER SPONSORED BY NEW YORK DIVISION OF CRIMINAL JUSTICE  SERVICES.

1991 ATTENDED AND CERTIFIED IN BASIC JUVENILE OFFICER SCHOOL SPONSORED BY NEW YORK STATE DIVISION OF CRIMINAL JUSTICE SERVICES HELD IN  BUFFALO N.Y.

1993 COMPLETED HIV/AIDS COURSE SPONSORED BY N.Y.S DIVISION OF CORRECTION SERVICES.

RESPECTFULLY SUBMITTED,

INV. DANIEL LABELLA

Respectfully Submitted,                    Assignment: Juvenile Aid Division